**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mario OCHOA–TORRES,**
**Defendant–Appellant.**

No. 12–15728
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 24, 2013.

Njeri B. Maldonado, Lawrence R. Sommerfeld, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Mildred Geckler Dunn, Stephanie A. Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Before TJOFLAT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Mario Ochoa–Torres pled guilty to illegal re-entry into the United States after having been previously removed subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the District Court sentenced him to a prison term of 52 months. Though this term fell within the maximum sentence prescribed by statute, 20–years' imprisonment, and the applicable sentence range under the Sentencing Guidelines, 46 to 57 months, Ochoa–Torres appeals the sentence, arguing that it is substantively unreasonable, in that it is greater than necessary to serve the sentencing objectives set forth in 18 U.S.C. § 3553(a)(2). We disagree and accordingly affirm.

We evaluate the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007), taking into account the totality of the facts and circumstances relating to the offense and the offender. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir.2010) (en banc). The relevant inquiry is "whether the sentence ... fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.2005). The § 3553(a) factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id.* at 786 (summarizing 18 U.S.C. § 3553(a)). The weight given to each § 3553(a) factor is "a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir.2007) (quotation omitted).

Ochoa–Torres fails to show that the District Court imposed a substantively unreasonable sentence. The record reflects that the court considered and weighed the § 3553(a) sentencing factors, including Ochoa–Torres's lengthy criminal history, as well as his request for a sentence below the Guidelines sentence range.

AFFIRMED.